IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

NOAH COOKE                                                                                    PLAINTIFF

v.                         Civil No. 04-5020

JO ANNE B. BARNHART, Commissioner
Social Security Administration                                                          DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Noah Cooke appealed the Commissioner's denial of benefits to this court. On February 4, 2005, judgment was entered reversing the decision of the Administrative Law Judge and remanding plaintiff's case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). Plaintiff now moves for an award of $3,301.90 in attorney's fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act (EAJA), requesting compensation for 22.60 hours of work before the court at an hourly rate of $144.00 per hour and reimbursement of $47.50 for copies and postage. Plaintiff's counsel sought $144.00 an hour based on an increase in the cost of living. Defendant filed a response stating she does not object to the hourly rate but does object to the number of hours claimed as excessive.

Pursuant to 28 U.S.C. § 2412(d)(1)(A), the court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified. The burden is on the Commissioner to show substantial justification for the government's denial of benefits. *Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986). After reviewing the file, we find plaintiff is a prevailing party in this matter. Under *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993), a social security claimant who obtains a sentence-four judgment reversing the

Commissioner's denial of benefits and remanding the case for further proceedings is a prevailing party.

Attorney's fees may not be awarded in excess of $125.00 per hour - the maximum statutory rate under § 2412(d)(2)(A) - unless the court finds that an increase in the cost of living or a special factor such as the limited availability of qualified attorneys justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). The decision to increase the hourly rate is not automatic and remains at the discretion of the district court. *McNulty v. Sullivan*, 886 F.2d 1074 (8th Cir. 1989). In *Johnson v. Sullivan*, 919 F.2d 503 (8th Cir. 1990), the court stated that the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than $75.00 an hour" *Id*. at F.2d 503. Plaintiff's counsel attached a summary of the Consumer Price Index as an exhibit to her motion for attorney's fees and has presented evidence of an increase in the cost of living. Therefore, her argument for enhanced fees, based on a cost of living increase, has merit. We find plaintiff's attorney entitled to an enhanced fee based upon a rise in the cost of living. This court believes that an hourly fee of $144.00 per hour would appropriately enhance the mandated hourly fee to reflect the increase in cost of living.

In her objection to plaintiff's request, defendant argues that 3 hours and 35 minutes claimed by plaintiff's counsel for work performed on December 3, 2003, December 20, 2003, January 6, 2004, January 7, 2004, January 10, 2004, January 13, 2004, and January 14, 2004, should be denied, as this was time spent in administrative matters prior to the filing of this lawsuit, including reviewing the Appeals Council's denial, telephone conversations with plaintiff regarding the denial and appeal options, and conference and instructions with and to her paralegal. The court agrees the 3 hours and 35 minutes should be deducted. *See Cornella v. Schweiker*, 728 F.2d 978, 988-989 (8th Cir. 1984).

Based on the above, we recommend awarding plaintiff's attorney fees and costs under EAJA in the amount of $2,783.50, representing 19 hours at a rate of $144.00 per hour and $47.50 in costs. This amount should be paid in addition to, and not out of, any past-due benefits which plaintiff may be awarded in the future.

**The parties have ten days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

DATED this 22nd day of September 2005.

/s/Beverly Stites Jones
HON. BEVERLY STITES JONES
UNITED STATES MAGISTRATE JUDGE